MARQUIS D'UNDRE HOLLOWAY,    )
   )
     Plaintiff,    )
   )
v.    )      No. 1:26-cv-62-TRM-MJD
   )
JOHNSON COUNTY COURTHOUSE,    )
   )
     Defendant.    )

## MEMORANDUM AND ORDER

This case is filed pro se and without prepayment of fees by Plaintiff Marquis D'undre Holloway ("Plaintiff"), who is currently detained at the Johnson County Jail in Mountain City, Tennessee. Before the Court are (1) Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 4]; and (2) Plaintiff's complaint [Doc. 1], which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, the Court will grant Plaintiff's IFP application. No summons may issue at this time, however, because Plaintiff's complaint fails to comply with applicable pleading standards. The Court will allow Plaintiff time to amend his complaint and attempt to state a claim. Plaintiff's amended complaint will then also be subject to screening pursuant to § 1915(e)(2).

## I. IFP APPLICATION

Based on the financial data provided, Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's IFP application [Doc. 4] is **GRANTED**. Nonetheless, because Plaintiff is a "prisoner" as defined in § 1915(h), he must be **ASSESSED** the civil filing fee of $350. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where he is currently detained is respectfully

**DIRECTED** to submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of:

(A) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(B) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

28 U.S.C. § 1915(b) (1) (A) and (B).

Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is respectfully directed to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff now resides. The Clerk is also respectfully directed to furnish a copy of this memorandum and order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING THE COMPLAINT

### a. Standards

Because Plaintiff is proceeding pro se, the Court is required to screen his complaint before any summons are issued, and to recommend dismissal if the action, or any portion of the action, is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also Chase Manhattan Bank Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

2

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**b.** **Plaintiff's Complaint**

Plaintiff used a form complaint to file this lawsuit, which is titled, "Complaint for Violation of Civil Rights (42 U.S.C. § 1983)." [Doc. 1]. The only named defendant is the Johnson County Courthouse. Plaintiff's factual allegations consist of the following:

> On 12/29/25 I was transported to the Johnson County Jail charged with Indecent Exposure in a [illegible[1]]. Upon my arrival I was not given a preliminary hearing[.] I was automatically bound over to criminal court. I'm suing for punitive damages in the amount of 10,000$. I'm also asking the courts to grant me my motion for discovery for this, a violation of my constitutional rights[.] "The right to a fair trial."

[*Id.* at Page ID # 3–4]. For relief, Plaintiff asks the Court "To drop the charge entirely from [my] record & order the court to pay me 10,000$ in punitive damages." [Doc. 5 at Page ID # 14].

As currently drafted, Plaintiff's complaint does not state a claim sufficient to survive screening. First, as mentioned, the sole defendant in this case is the Johnson County Courthouse. Plaintiff cannot sue the Johnson County Courthouse, "because it is a building, not a person subject to liability under § 1983." *Johnson v. Hamilton Cnty. Jail*, No. 1:25-cv-363, 2025 WL 3640386, at *2 (E.D. Tenn. Dec. 16, 2025) (citing *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997)).

---

[1] It appears Plaintiff was trying to write that he was charged with indecent exposure in a "penal institution." [*See* Doc. 1 at Page ID # 3]. However, it is difficult if not impossible to read this particular phrase in Plaintiff's complaint.

To the extent Plaintiff is attempting to sue Johnson County or Johnson County officials in their official capacity—which is not at all clear from the complaint—such claims would also be subject to dismissal. Johnson County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). It can only be liable for damages in a § 1983 action when the execution of a governmental policy or the tolerance of a custom causes the deprivation of a constitutionally protected right. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691). Plaintiff does not include any factual allegations that would permit the plausible inference that any alleged misconduct was caused by an official policy or custom of Johnson County. *See Johnson*, 2025 WL 3640386, at *2 (finding claims against county jail are "properly considered against" the county itself, but dismissing because the plaintiff failed to "link any alleged harm to the implementation of an unconstitutional policy or custom").

Moreover, it is unclear what constitutional right Plaintiff is attempting to vindicate. He lists the "right to a fair trial," but he does not allege that his criminal case has proceeded to trial, and he asks the Court to "drop" his "charge" [Doc. 5 at Page ID # 14]. If Plaintiff's claims relate to ongoing criminal proceedings, the Court would likely be required to abstain from exercising jurisdiction over Plaintiff's federal civil case pursuant the *Younger* abstention doctrine. *See Martinson v. Cincinnati Airport Police*, No. 22-22-DLB, 2022 WL 586747, at *1 (E.D. Ky. Feb. 25, 2022) (applying *Younger* abstention on §§ 1915(e)(2) and 1915A review, and holding that: "Absent truly extraordinary circumstances, a federal court should not exercise jurisdiction over a civil matter if doing so would interfere in any fashion with an ongoing criminal prosecution in state court." ). And if Plaintiff is complaining about not being given a preliminary hearing, he has a remedy available in the state criminal court: request the preliminary hearing. *See Bryan v. State*,

No. W2011-00743-CCA-R3-HC, 2011 WL 5829557, at *3 (Tenn. Ct. Crim. App. Nov. 17, 2011) ("Moreover, the . . . proper remedy for a denial of a timely preliminary hearing 'is simply to request such a hearing.'" (quoting *State v. Brooks*, 880 S.W.2d 390, 394 (Tenn.Crim.App.1993))); *see also Brooks*, 800 S.W.3d at 394 (holding that "the defendant's remedy for a denial of a preliminary hearing is simply to request such a hearing and to move the court within thirty days of the arrest to dismiss any indictment returned while the hearing is pending" (citing Tenn. R. Crim. P. 5)).

In addition, federal and Tennessee courts hold there is "no general constitutional right to a preliminary examination before trial." *See Bartell v. Berghuis*, No. 2:13-CV-14945, 2019 WL 196509, at *6 (E.D. Mich. Jan. 15, 2019); *see also Blacksmith v. Mays*, No. 3:20-cv-00036, 2023 WL 2027803, at *6 (M.D. Tenn. Feb. 15, 2023) ("As to the claim that the petitioner was denied a preliminary hearing under state procedural rules in violation of his right to due process, 'there is no federal constitutional right to a preliminary hearing[.]'" (citations omitted)); *Gales v. Spatny*, No. 5:23-CV-01321-JRA, 2025 WL 1707926, at *18 (N.D. Ohio June 18, 2025) ("Mr. Gales' underlying concern that a state court violates a defendant's federal right to due process when the state's charging procedure bypasses a preliminary hearing without a waiver is meritless because there is no federal constitutional right to a preliminary hearing." (citing *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965))), *report and recommendation pending*. Based on the allegations in the complaint, whether Plaintiff is attempting to allege the violation of some other federal right is unclear.

c.     **Conclusion**

In an abundance of caution, rather than recommend dismissal of Plaintiff's case at this time, the Court will allow Plaintiff to amend his complaint and attempt to state a valid claim over which this Court has jurisdiction. If Plaintiff intends to pursue this matter further, he is **ORDERED**

6

to file an amended complaint by no later than **APRIL 13, 2026**. The document must be labeled, "Amended Complaint." It may not incorporate the original complaint, the IFP Application, or any other document by reference and it must be complete in itself in accordance with the Local Rules for this Court.[2] Plaintiff is notified that any failure to timely file an Amended Complaint or to state a valid claim in that Amended Complaint will result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

In addition, Plaintiff is notified that the Court will only address claims in the Amended Complaint that directly relate to the allegations made in his original complaint. Plaintiff shall not attempt to include in his Amended Complaint any additional claims that do not so relate, and he is advised that any such claims will be subject to dismissal.

Finally, Plaintiff is notified that the Court will not consider any other kind of motion for relief until after the Court has screened the Amended Complaint, which the Court will do as soon as practicable. Accordingly, the Court will summarily deny any motions filed before the screening process is complete for the Amended Complaint.

SO ORDERED.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's Local Rules are available at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

7