UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARQUIS D'UNDRE HOLLOWAY,     )
        )
    Plaintiff,      )
        )
v.        )     No. 1:26-cv-62-TRM-MJD
        )
JOHNSON COUNTY COURTHOUSE,     )
        )
    Defendant.      )

**REPORT AND RECOMMENDATION**

This case is filed pro se and without prepayment of fees by Plaintiff Marquis D'undre Holloway ("Plaintiff"). Plaintiff initiated this case on March 2, 2026, by filing a complaint [Doc. 1]. On March 10, he filed an application for leave to proceed *in forma pauperis* ("IFP") [Doc. 4]. At the time, Plaintiff was housed at the Johnson County Jail in Mountain City, Tennessee [Doc. 1]. On March 23, 2026, the Court entered a Memorandum and Order [Doc. 9 ("March 23 Order")] granting Plaintiff's IFP application and describing the Court's responsibility under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A to screen actions filed by prisoners, like Plaintiff, who are proceeding without prepayment of fees and who are attempting to assert claims against a "governmental entity." *See* 28 U.S.C. § 1915(e), (h); 28 U.S.C. § 1915A.

The Court explained that because Plaintiff was a prisoner, he was relieved of the requirement to prepay the filing fee, but he was still required to pay the filing fee over time. *See* 28 U.S.C. § 1915(b). The March 23 Order described the procedure to be used for collecting the fee from Plaintiff's inmate trust account and instructed the Custodian of Inmate Accounts at the Johnson County Jail to comply with the procedure.

The Court further explained that, in screening Plaintiff's complaint, the Court was obligated to dismiss Plaintiff's case, or any portion thereof, which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008). The Court then identified deficiencies with Plaintiff's complaint as drafted which would prevent his claims from proceeding past the screening stage and ordered Plaintiff to file an amended complaint to address the deficiencies and attempt to state a claim. The Court set a deadline of April 13, 2026.

On March 26, the Court received notice that the March 23 Order could not be delivered to Plaintiff because he was "no longer @ facility." [Doc. 10]. Accordingly, at the Court's direction, the Clerk mailed the March 23 Order (along with three other orders and a copy of the docket sheet) to Plaintiff's permanent address as listed in his complaint. That mail was returned marked "return to sender[,] not deliverable as addressed[,] unable to forward" [Doc. 12]. On April 15, 2026, the Court received a letter from the Johnson County Sheriff's Office confirming Plaintiff had been released [Doc. 13 ("April 15 Letter")]. The April 15 Letter states that while the Custodian of Inmate Accounts had received the March 23 Order, she could not comply with the fee collection procedure because Plaintiff had been released "to the public," and so "there is no active inmate trust account at this facility from which funds can be withdrawn," nor was there a transferee institution to which the March 23 Order could be forwarded [*id.*].

The April 13 deadline has now passed and Plaintiff has not filed an amended complaint or requested an extension of time. In the March 23 Order, Plaintiff was specifically warned that his case would be dismissed if he failed to timely file an amended complaint [*see* Doc. 9 at Page ID #

2

29]. Although it appears Plaintiff has not received a copy of the March 23 Order, he also has not updated his address in violation of Local Rule 83.13 (requiring pro se parties to maintain current addresses with the Court and warning: "The failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action."). The Court has attempted to send orders to Plaintiff at two different addresses, to no avail. Accordingly, the Court **RECOMMENDS**[1] that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** and this case **CLOSED.** *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

The Custodian of Inmate Trust Accounts at the Johnson County Jail, and any other relevant staff or officials, are hereby **RELIEVED** of any obligation to continue attempting to comply with the March 23 Order or to otherwise attempt to collect payment of the filing fee from Plaintiff or his inmate trust account.

The Clerk is respectfully directed to mail a copy of this Report and Recommendation to Plaintiff at his previously identified permanent address (2506 Dodson Avenue, Chattanooga, TN 37406, *see* Doc. 1 at Page ID # 3), to the Custodian of Inmate Accounts for the Johnson County Jail at the address identified in the April 15 Letter (c/o Custodian of Inmate Trust Accounts Patricia

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3

Morefield, Johnson County Sheriff's Office, 216 Honeysuckle Street, Mountain City, TN 37683, *see* Doc. 13), and to the Court's financial deputy.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

4